

**CORPORATION SERVICE COMPANY**

## Notice of Service of Process

null / ALL
Transmittal Number: 11718791
Date Processed: 10/16/2013

| | |
|---|---|
| Primary Contact: | Nicole L Lefebvre<br>Aegion Corporation<br>17988 Edison Avenue<br>Chesterfield, MO 63005 |
| Copy of transmittal only provided to: | Tod O'Donoghue<br>Kent Bartholomew<br>Carol Houdyshell<br>J Eidsness<br>D Morris<br>April Greer |

| | |
|---|---|
| Entity: | CRTS, Inc.<br>Entity ID Number 3073252 |
| Entity Served: | CRTS, Inc. |
| Title of Action: | Amber Brown vs. CRTS, Inc. |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Discrimination |
| Court/Agency: | Tulsa County District Court, Oklahoma |
| Case/Reference No: | CJ-2013-04696 |
| Jurisdiction Served: | Oklahoma |
| Date Served on CSC: | 10/15/2013 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | CSC |
| How Served: | Certified Mail |
| Sender Information: | David A. Warta<br>918-585-2667 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**EXHIBIT 2**

## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

AMBER BROWN, )
)
    Plaintiff, ) CASE NO. CJ-2013-04696
vs. )
)
CRTS, INC., )
a domestic for profit business corporation, ) ATTORNEY LIEN CLAIMED
)
    Defendant. )
)

### ORIGINAL SUMMONS

CRTS, INC.

To the above-named Defendant(s):

You have been sued by the above named plaintiff(s), and you are directed to file a written answer to the attached petition and order in the court at the above address within twenty (20) days after service of this summons upon you exclusive of the day of service. Within the same time, a copy of your answer must be delivered or mailed to the attorney for the plaintiff. Unless you answer the petition within the time stated judgment will be rendered against you with costs of the action.

Issued this 9th day of October, 2013.

                                           County Court Clerk

                             By _____
                                         Deputy Court Clerk

(Seal)

This summons and order was served on _____

                                                    (Signature of person serving summons)

YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.

**Return ORIGINAL for filing.**

Page | 1

## PERSONAL SERVICE

I certify that I received the foregoing Summons the _____ day of _____, 2013, and that I delivered a copy of said Summons with a copy of the Petition to the following named defendant personally in _____ County, _____ at the address and on the date set forth opposite each name, to-wit:

| Name of Defendant | Address | Date of Service |
|---|---|---|
| | | |

## USUAL PLACE OF RESIDENCE

I certify that I received the foregoing Summons on the _____ day of _____, 2013, and that on _____, I served _____ by leaving a copy of said summons with a copy of the attached Petition at _____, which is his/her dwelling house or usual place of abode, with _____, a person then residing therein, who is fifteen (15) years of age or older.

## NOT FOUND

Received this Summons this _____ day of _____, 2013. I certify that the following persons of the defendant within named not found in said County:

## FEES

Fee for service $_____, Mileage $_____, Total $_____

Dated this _____ day of _____, 2013.

By:

Sheriff of _____ County,

Page | 2

## AFFIDAVIT

I, _____, the undersigned, under oath, do say that I served this Summons and made the return thereon, according to law that I am duly authorized to make this affidavit so help me God.

Sheriff of _____ County,

Subscribed to and sworn to before me this _____ day of _____, 2013.

My Commission Expires: _____

Seal                Notary Public

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed copies of the foregoing summons with a copy of the Petition to the following named defendant at the address shown by certified mail, addressee only, return receipt requested, on the _____ day of _____, 2013, and receipt thereof on the dates shown:

| Defendant | Address Where Served | Date Receipted |
| --- | --- | --- |

_____
Signature of person mailing summons

Page | 3

**IN THE DISTRICT COURT OF TULSA COUNTY**
**STATE OF OKLAHOMA**

**FILED**
**DISTRICT COURT**
OCT - 9 2013

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| AMBER BROWN, | ) |
| | ) |
| Plaintiff, | ) **CASE NO. CJ-2013-04696** |
| vs. | ) |
| | ) |
| CRTS, INC., | ) |
| a domestic for profit business corporation, | ) ATTORNEY LIEN CLAIMED |
| | ) |
| Defendant. | ) |

CARLOS J. CHAPPELLE

### PETITION

COMES NOW Plaintiff, Amber Brown, by and through her attorney of record David A. Warta of *Smolen, Smolen & Roytman, P.L.L.C.*, and brings this action against Defendant, CRTS, LLC (herein "CRTS"), for violations of her protected rights arising out of her employment and termination by said Defendant. In support of her claim, Plaintiff states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Washington County, Oklahoma.

2. Defendant is a domestic for profit business corporation that conducts substantial business in Tulsa County, Oklahoma.

3. This is an action for damages and to redress deprivation of Plaintiff's rights secured by the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*, (herein "ADA") and 40 O.S. §165.3, as well as statutory and common law claims under Oklahoma law. Plaintiff brings this action to correct unlawful employment practices and to make her whole as a result of such unlawful practices.

4. Plaintiff filed a charge of discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC") complaining to the EEOC of discrimination based on her disability within three hundred (300) days of the conduct alleged. A Notice of Right to Sue was received by Plaintiff on or about July 15, 2013, and this Petition has been filed within ninety days (90) of the receipt of the Notice of Right to Sue. As such, all conditions precedent to the filing of this lawsuit have been fulfilled.

5. The wrongful acts of Defendant which give rise to this dispute occurred in Tulsa County, Oklahoma.

6. This Court has jurisdiction and venue is proper in Tulsa County, Oklahoma.

## STATEMENT OF FACTS

7. The preceding paragraphs are incorporated herein by reference.

8. At the time of her discharge, Plaintiff was employed as a Quality Engineer for Defendant.

9. Plaintiff began working for Defendant on or about December 19, 2011.

10. Plaintiff suffers from diabetes, and experiences erratic blood sugar levels as a result. Plaintiff uses an insulin pump and a blood glucose meter to regulate her blood sugar.

11. In the early stages of her employment, Plaintiff made verbal and written requests to her immediate supervisor —Executive Vice President Russ Langley— for permission to fulfill her employment duties from her home in instances which erratic blood sugars compromised her ability to travel safely. Mr. Langley granted her such permission.

12. On the occasions which Plaintiff fulfilled her responsibilities at Defendant's facilities, she was consistently harassed by her coworker, accountant Gayle Atkins.

13. Ms. Atkins publicly demeaned, intimidated, and disrespected Plaintiff on multiple occasions by shouting at her in the workplace.

2

Case 4:13-cv-00723-JED-FHM  Document 2-2 Filed in USDC ND/OK on 11/04/13  Page 7 of 13

14. Ms. Atkins' conduct toward Plaintiff had a substantial negative physical impact, resulting in at least two (2) visits to the emergency room for extraordinarily high blood sugar levels.

15. Plaintiff reported such incidents to Ms. Deborah May, Defendant's director of human resources. When Ms. Brown informed Ms. May that Gayle Atkins' harassment was affecting Plaintiff's health, May responded by interjecting "I don't want to hear about any of your health problems." Ms. May personally witnessed at least one of the incidents when Atkins engaged in the iappropriate conduct, yet Ms. May remained effectively unresponsive.

16. Plaintiff additionally reported such incidents to Mr. Langley, who also did nothing to address the conduct.

17. Ms. May then informed Plaintiff that Ms. Atkins had complained that Plaintiff was allowed to work from her home. Plaintiff's permission to work from home was then revoked shortly thereafter.

18. Lacking the ability to work from home, Plaintiff was unable to work on occasions when her blood sugar levels were too high to travel. As a result, Plaintiff received a written warning from Mr. Langley stating that further absences without a doctor's note would be unacceptable.

19. The next day, Plaintiff experienced irregular blood sugar levels that required her to seek treatment at Continuous Care and miss work. Plaintiff informed Defendant and provided a doctor's note to document the reason for her absence.

20. On June 22, 2012, approximately two days after Plaintiff's treatment at Continuous Care, Defendant terminated Plaintiff, citing excessive absenteeism as the reason for termination.

21. Defendant refused to accommodate Plaintiff's disability and grant her permission to work from home on occasions when her disability prevented safe travel.

3

22. Defendant failed to follow its own procedures as set forth in the written warning provided to Plaintiff days before her termination.

## FIRST CAUSE OF ACTION
## DISCRIMINATION BASED ON DISABILITY (ADA)

23. The preceding paragraphs are incorporated herein by reference.

24. On June 22, 2012, Defendant engaged in unlawful employment practices in violation of Sections 102(a) and 103(b)(5) of Title I of the ADA, 42 U.S.C. §§12112(a) and (b)(5).

25. Persons with a physical impairment or who are perceived to have such an impairment are persons within the meaning of Sections 3 and 102(a) of the Americans with Disabilities Act, 42 U.S.C. §§12112(2) and 12112(a).

26. Plaintiff was an employee of Defendant.

27. The Plaintiff has a disability, namely, diabetes.

28. On or around June 22, 2012, Defendant discharged Plaintiff because of her disability and refused to consider reasonable accommodations.

29. The effect of practices complained above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability and/or the perception of her disability.

30. The unlawful employment practices complained of were and are intentional.

31. Defendant at all relevant times has acted with malice or reckless indifference to the federally protected rights of Plaintiff, in violation of the ADA, 42 U.S.C. §12101 *et seq.*

WHEREFORE, Plaintiff prays for judgment against Defendant for:

    a. Back pay and lost benefits; front pay until normal retirement
    b. Compensatory damages for her mental anguish, pain and suffering and other non-pecuniary losses;

      c. Punitive damages for the intentional and knowing acts of discrimination committed by Defendants' management and executives;
      d. Her attorney fees and the costs and expenses of this action;
      e. Such other relief as the Court deems just and equitable.

## SECOND CAUSE OF ACTION
## VIOLATION OF 40 O.S. § 165.3

32. Plaintiff incorporates by reference all preceding paragraphs.

33. 40 O.S. § 165.3 provides:

> A. Whenever an employee's employment terminates, the employer shall pay the employee's wages in full, less offsets and less any amount over which a bona fide disagreement exists, as defined by Section 165.1 of this title, at the next regular designated payday established for the pay period in which the work was performed either through the regular pay channels or by certified mail postmarked within the deadlines herein specified if requested by the employee, unless provided otherwise by a collective bargaining agreement that covers the employee.
>
> B. If an employer fails to pay an employee wages as required under subsection A of this section, such employer shall be additionally liable to the employee for liquidated damages in the amount of two percent (2%) of the unpaid wages for each day upon which such failure shall continue after the day the wages were earned and due if the employer willfully withheld wages over which there was no bona fide disagreement; or in an amount equal to the unpaid wages, whichever is smaller; provided, however, that for the purpose of such liquidated damages such failure shall not be deemed to continue after the date of the filing of a petition in bankruptcy with respect to the employer if he thereafter shall have been adjudicated bankrupt upon such petition.

34. As of Plaintiff's termination date, Defendant owed Plaintiff $9,759.00 in accrued wages. The wages were earned and due to Plaintiff no later than the end of June 2012. Well over fifty days have passed since Defendant was required to pay Plaintiff the wages owed. Furthermore, Defendants willfully withheld wages over which there was no bona fide disagreement. Therefore,

5

liquidated damages of $9,759.00 are also owed to Plaintiff based upon Defendants' failure to timely pay Plaintiff wages owed.

>WHERFORE, Plaintiff prays for judgment against Defendants for:
>
>a. unpaid wages and lost benefits in the amount of $9,759.00;
>b. liquidated damages in the amount of $9,759.00,
>c. Plaintiff's reasonable attorneys' fees, costs, and such other relief that this Court finds just and equitable.

## THIRD CAUSE OF ACTION
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. Plaintiff incorporates by reference the preceding paragraphs.

36. Defendant intentionally abused its position of power to harm Plaintiff.

37. Defendant's acts of constantly subjecting Plaintiff to being publicly demeaned, intimidated, and disrespected by Defendant's agents, which ultimately culminated in intentional and malicious termination, and with knowledge that such activity would result in physical harm to Plaintiff, constitutes extreme and outrageous conduct.

38. Defendant's extreme and outrageous conduct caused Plaintiff severe physical, emotional and psychological damage which manifested through diabetic episodes involving uncontrollable blood sugar levels.

>WHEREFORE, Plaintiff prays for judgment against Defendant for:
>
>a. Back pay and lost benefits; front pay until normal retirement
>b. Compensatory damages for her physical damages, mental anguish, pain and suffering and other non-pecuniary losses;
>c. Punitive damages for the reckless act of termination committed by Defendant's management;
>d. attorney fees and the costs and expenses of this action;
>e. Such other relief as the Court deems just and equitable.

## FOURTH CAUSE OF ACTION
## FAILURE TO ENSURE A NON-HOSTILE WORK ENVIRONMENT

39. Plaintiff incorporates by reference the preceding paragraphs.

40. As her employer, Defendant and its agents owed Plaintiff a duty to ensure a non-hostile work environment.

41. Defendant was aware that its agents, namely Gayle Atkins, repeatedly subjected Plaintiff to harassment in the workplace.

42. Defendant had reason to believe that the harassment would continue, namely because Defendant took no measures whatsoever to prevent the harassment, and deliberately denied Plaintiff any relief.

43. Defendant repeatedly allowed its agents to create a charged environment, discriminatory as to Plaintiff's disability, and target Plaintiff with derogatory comments related to her disability.

44. Defendant failed to take any action to prevent similar behavior.

45. By failing to protect Plaintiff as an employee, Defendant breached the duty owed to Plaintiff.

46. Defendant's breach of duty proximately caused Plaintiff to suffer severe mental anguish and emotional distress that manifested itself physically through diabetic episodes of uncontrollable blood sugar levels.

47. Defendant's breach of duty additionally proximately caused Plaintiff a loss of pecuniary advantage, in that the untreated harassment resulted in Plaintiff's termination.

>WHEREFORE, based on the foregoing, Plaintiff prays that this Court grant her the relief sought, including, but not limited to:

a. Back pay and lost benefit; front pay until normal retirement;
b. Compensatory damages for her physical damages, mental anguish, pain and suffering and other non-pecuniary losses;
c. Punitive damages for the reckless acts of discrimination committed by Defendant's representatives;

      d. Any and all other relief as the Court deems just and equitable.

Plaintiff's relief requested herein exceeds Ten Thousand Dollars ($10,000).

                                          Respectfully submitted,
                                          SMOLEN, SMOLEN, & ROYTMAN, PLLC

                                          David A. Warta (OBA#20361)
                                          701 South Cincinnati Avenue
                                          Tulsa, OK 74119
                                          (918) 585-2667
                                          (918) 585-2669 (Fax)
                                          *Attorney for Plaintiff*

